No. 96-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FIRST INTERSTATE BANK OF COMMERCE,

Plaintiff and Respondent,

v.

MARLA R. WARD, f/k/a MARLA R. McFARLAND,

Defendant and Appellant.

FILED

APR 22 1997

~~~~~~ Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Maurice R. Colberg, Jr., Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Randy S. Laedeke; Laedeke Law Office;
        Billings, Montana

    For Respondent:

        Court E. Ball; Towe, Ball, Enright, Mackey & Sommerfeld;
        Billings, Montana

Submitted on Briefs: March 6, 1997

Decided: April 22, 1997

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The respondent, First Interstate Bank of Commerce, filed an action for a declaratory judgment and a preliminary injunction in the District Court for the Thirteenth Judicial District in Yellowstone County. The District Court granted the preliminary injunction. Marla R. Ward appeals. We reverse the District Court.

The dispositive issue on appeal is whether the District Court erred when it granted the preliminary injunction.

## FACTUAL BACKGROUND

In a dissolution action between Ted McFarland and Marla Ward, formerly Marla McFarland, District Court Judge Robert W. Holmstrom determined that the parties' Lazy Heart Nine cattle herd, which had allegedly been transferred to Ted's father, Clinton McFarland, is a part of the marital estate. Accordingly, Judge Holmstrom ordered that Ward is entitled to a proportionate share of the cattle.

Pursuant to Judge Holmstrom's order, Ward attempted to remove her share of the cattle from Clinton McFarland's ranch. In the meantime, however, First Interstate asserted that, as the holder of a perfected security interest in all of Clinton McFarland's cattle, its rights to the Lazy Heart Nine cattle herd are superior to Ward's. On that basis, First Interstate filed an action in the District Court in which it requested the following relief: (1) a declaratory judgment to determine the respective rights of the parties; and (2) a preliminary

injunction to enjoin Ward from removing any of the Lazy Heart Nine cattle from McFarland's ranch. After a hearing, the District Court granted the preliminary injunction.

## DISCUSSION

Did the District Court err when it granted the preliminary injunction?

In Montana, the availability of a preliminary injunction is controlled by statute. Section 27-19-201, MCA, is entitled "When preliminary injunction may be granted" and provides, in relevant part, as follows:

> An injunction order may be granted in the following cases:
>
> . . . .
>
> (2)    when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant . . . .

Section 27-19-201(2), MCA.

When a district court grants a preliminary injunction, the standard of review is whether the district court abused its discretion. *Dicken v. Shaw* (1992), 255 Mont. 231, 234, 841 P.2d 1126, 1128-29 (citing *Porter v. K & S Partnership* (1981), 192 Mont. 175, 181, 627 P.2d 836, 839).

On appeal, Ward contends that the District Court erred when it granted a preliminary injunction to enjoin her from removing any of the Lazy Heart Nine cattle from Clinton McFarland's ranch. Specifically, she asserts that the District Court erred when it failed to make a specific finding that such a removal of cattle would "produce a great or irreparable injury" to First Interstate.

3

At the injunction hearing, First Interstate claimed that the removal of cattle from Clinton McFarland's ranch, prior to a final determination on the merits, would jeopardize its ability to fully secure the loans previously extended to Clinton. Ward, on the other hand, claimed that the value of the bank's collateral exceeds the amount of Clinton's debt which is owed to the bank, and therefore, that the removal of her cattle would neither affect First Interstate's ability to recover the amount of its loans nor jeopardize its financial interests. In essence, Ward asserted that because First Interstate is already "over collateralized," the removal of her cattle would not have a negative impact on First Interstate's financial interests.

We conclude that First Interstate could suffer a "great or irreparable injury" only if Ward's removal of her proportionate share of the Lazy Heart Nine cattle from Clinton McFarland's ranch would, in fact, jeopardize First Interstate's ability to secure payment of the existing loans.

However, in spite of Ward's claim that First Interstate was "over collateralized" and therefore, would not be harmed by removal of Ward's share of the cattle, the District Court did not address this issue in its findings. The District Court did not find that removal of Ward's cattle from Clinton McFarland's ranch would jeopardize First Interstate's financial ability to cover the amount of the existing loans.

We conclude, therefore, that the District Court abused its discretion when it granted the preliminary injunction without first specifically finding that First Interstate would suffer

4

a "great or irreparable injury." Accordingly, we reverse the judgment of the District Court and hold that it erred when it granted the preliminary injunction.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices